UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| **MEIJER, INC. and MEIJER DISTRIBUTION, INC.**, on behalf of themselves and all others similarly situated,<br><br>    **Plaintiffs,**<br>  v.<br><br>**ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ASTRAZENECA AB, and AKTIEBOLAGET HASSLE,**<br><br>    **Defendants**. | Civil Action No. 06-52 (GMS) |
| **AMERICAN SALES COMPANY**, on behalf of itself and all others similarly situated,<br><br>    **Plaintiff,**<br>  v.<br><br>**ASTRAZENECA AB, AKTIEBOLAGET HASSLE, and ASTRAZENECA LP,**<br><br>    **Defendants**. | Civil Action No. 06-63 (GMS) |
| **ROCHESTER DRUG CO-OPERATIVE INC.,** on behalf of itself and all others similarly situated,<br><br>    **Plaintiff,**<br>  v.<br><br>**ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ASTRAZENECA AB, and AKTIEBOLAGET HASSLE,**<br><br>    **Defendants**. | Civil Action No. 06-79 (GMS) |

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, plaintiffs have filed Complaints (the "Complaints") in the above-referenced actions for alleged violations of the antitrust laws involving the brand name prescription drug Toprol-XL and its generic equivalents, pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2;

WHEREAS, defendants intend to deny such allegations;

WHEREAS, plaintiffs have purchased Toprol-XL directly from defendants and seek to proceed on behalf of a proposed class of similarly-situated direct purchasers; and

WHEREAS, plaintiffs and defendants believe consolidation of the Complaints will avoid unnecessary costs and promote the efficient conduct of proceedings therein;

NOW, THEREFORE, THE COURT ORDERS as follows:

I. **CONSOLIDATION AND COORDINATION**

1.  The actions identified in the caption hereto are consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes. Any subsequently filed case brought on behalf of a proposed class of direct purchasers of Toprol-XL, that arises out of the same operative facts as the above-captioned actions, shall be consolidated with these actions and be subject to this Case Management Order No. 1 (the "Order"). The current actions and those that may be consolidated with the current actions are collectively referred to as the "Consolidated Direct Purchaser Actions."

2.  The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

II. **CAPTION OF CASES**

3.  Every pleading filed in the Consolidated Direct Purchaser Actions shall bear the following caption:

| | |
|---|---|
| IN RE: METOPROLOL SUCCINATE ) <br> DIRECT PURCHASER ) <br> ANTITRUST LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) | Civil Action No. 06-52 GMS |

4. When a pleading or other court paper filed in the Consolidated Direct Purchaser Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended, by plaintiff name(s) and docket number(s).

### III.     MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

5. A Master Docket and a Master File are hereby established for the Consolidated Direct Purchaser Actions.

6. Documents shall bear the caption of the actions in which the authors intend the documents to be served and/or filed. Entries shall be made on the dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.

7. Separate dockets shall be maintained for each of the Consolidated Direct Purchaser Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

8. When a pleading or other court paper is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.

9. When a pleading or other court paper is filed and the caption shows that it is applicable to fewer than all actions that are Consolidated before this Court, the Clerk needs to file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

10. Within sixty (60) days of the entry of this Order, Co-Lead Counsel shall file with the Court a Consolidated Complaint in the Consolidated Direct Purchaser Actions, which shall serve as the operative Complaint in the Consolidated Direct Purchaser Actions, unless subsequently amended. Upon such filing, all Defendants will be deemed to have accepted service thereof, without waiver of any jurisdictional or other defenses.

11. Defendants shall answer, move or otherwise plead to the Consolidated Complaint within sixty (60) days of the filing of such Consolidated Complaint.

12. Upon entry of this Order, all Defendants will be deemed to have accepted service of the Complaints listed in Schedule A hereto, without waiver of any jurisdictional or other defenses. Defendants shall have no obligation to answer, move or otherwise plead with respect to any of the previously filed Complaints in the Consolidated Actions or to the complaints subsequently filed in cases that are consolidated with these direct purchaser actions in this Court.

### IV.     NEWLY FILED OR TRANSFERRED ACTIONS

13. This Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Direct Purchaser Actions.

14. When a case that relates to the subject matter of the Consolidated Direct Purchaser Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

      a.      Make an appropriate entry in the Master Docket;

      b.      Place a copy of this Order in the separate file for such action;

      c.      Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case, and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

      d.      Mail a copy of the Order of assignment to Liaison Counsel designated in ¶ 17(a), and to counsel for defendants in the Consolidated Direct Purchaser Actions.

15.    This Order shall apply to each such case referenced in ¶¶ 1 and 14 unless a party objecting to the coordination or consolidation of such case or to provision of this Order shall, within ten (10) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

### V.     <u>ORGANIZATION OF COUNSEL</u>

16.    The Consolidated Direct Purchaser Actions are listed in Schedule A attached hereto. Schedule A shall be amended to include any action(s) brought on behalf of a proposed class of direct purchasers of Toprol-XL subsequently filed in, or transferred to, this Court.

17.    The Court designates the following to act on behalf of all plaintiffs in the Consolidated Direct Purchaser Actions, with the responsibilities hereinafter described:

      a.      As Liaison Counsel:

> **ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.**
> Jeffrey S. Goddess (Del. Bar No. 630)
> 919 Market Street, Suite 1401
> P.O. Box 1070
> Wilmington, Delaware 19899-1070
> Tel: (302) 656-4433
> Fax: (302) 658-7567

    b.    As Co-Lead Counsel:

**COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.**
Linda P. Nussbaum
Steig D. Olson
150 East 52nd Street 30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745

Michael D. Hausfeld
1100 New York Avenue N.W.
Washington, DC 20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699

**BERGER & MONTAGUE, P.C.**
Daniel Berger
Eric L. Cramer
Peter Kohn
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

**HAGENS BERMAN SOBOL SHAPIRO, LLP**
Thomas M. Sobol
Edward Notargiacomo
One Main Street
4th Floor
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003

18.    Defendants' counsel of record are:

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Jack B. Blumenfeld (Del. Bar No. 1014)
Karen Jacobs Louden (Del. Bar No. 2881)
Chase Manhattan Centre, 18th Floor
1201 N. Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
Fax: (302) 658-3989

**DAVIS POLK & WARDWELL**
Arthur F. Golden
Ronan P. Harty
450 Lexington Avenue
New York, NY 10017
Tel. (212) 450-4000
Fax. (212) 450-3800

19. Liaison Counsel in the Consolidated Direct Purchaser Actions are charged with performing, on behalf of all plaintiffs in the Consolidated Direct Purchaser Actions, administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions.

20. Co-Lead Counsel in the Consolidated Direct Purchaser Actions, working together in a coordinated fashion, shall have sole authority over the following matters on behalf of all plaintiffs in the Consolidated Direct Purchaser Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) collecting time and expense reports from such other counsel on a periodic basis; (f) the retention of experts; (g) designation of which attorneys may appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with defendants; (i) the allocation of fees, if any are awarded by the Court; and (j) other matters concerning the prosecution of the Consolidated Direct Purchaser Actions. Co-Lead Counsel shall be responsible for the overall direction and administration of the Consolidated Direct Purchaser Actions.

21. No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Direct Purchaser Actions except through the respective Co-Lead Counsel.

22. Co-Lead Counsel and Liaison Counsel in the Consolidated Direct Purchaser Actions, or their designees, shall have sole authority to communicate with Defendants' Counsel and the Court on behalf of all plaintiffs in the Consolidated Direct Purchaser Actions. Defendants' Counsel may rely on all agreements made with Co-Lead Counsel in the Consolidated Direct Purchaser Actions, and such agreements shall be binding on all counsel in the Consolidated Direct Purchaser Actions.

23. The organizational structure of plaintiffs' counsel established in ¶ 17 herein shall likewise apply to any and all actions described in ¶¶ 1 and 14.

24. **Time Records**. All plaintiffs' counsel in the Consolidated Direct Purchaser Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee.

VI.    FILING AND SERVICE OF DOCUMENTS

25. The Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures on each Co-Lead Counsel and Liaison Counsel constitutes service on Plaintiffs. Plaintiffs shall serve papers on Defendants by ECF Procedures. To the extent that papers are filed under seal, the papers shall be served on counsel listed in paragraphs 17 and 18.

26. Notwithstanding any other provision herein, time shall be computed according to the Federal Rules of Civil Procedure and local rules of the United States District Court for the District of Delaware.

VII.    PRESERVATION OF DOCUMENTS

27. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data

and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

### VIII.      CONFIDENTIALITY ORDER

28. Until entry of a Confidentiality Order, the parties will follow Local Rule 26.2.

### IX.      INDIRECT PURCHASER ACTIONS

29. The parties acknowledge that a number of purported class actions have been filed in this Court against the Defendants on behalf of indirect purchasers of Toprol-XL (the Indirect Purchaser Actions). It is the Defendants' intention to negotiate and propose to the Court a case management order with the Indirect Purchasers that is substantially similar to this Order. In that regard, the Defendants may request the Court to consolidate or coordinate the Direct and Indirect Purchaser Actions and have them governed by a consolidated case management order. Plaintiffs reserve the right to object to such a request.

### X.      MODIFICATION

30. Any party may, for good cause shown, move for modification of any provision of this Order.

SO ORDERED:

DATED: _____        _____
                                                                         **UNITED STATES DISTRICT JUDGE**
506995

## **SCHEDULE A**

*Meijer, Inc. and Meijer Distribution, Inc., on behalf of themselves and all others similarly situated v. Astrazeneca Pharmaceuticals LP, Astrazeneca LP, Astrazeneca AB, and Aktiebolaget Hassle*, Docket No. 06-52 (D. Del.), filed on January 27, 2006.

*American Sales Company, on behalf of itself and all others similarly situated v. Astrazeneca AB, Aktiebolaget Hassle, and Astrazeneca LP*, Docket No. 06-63 (D. Del.), filed on January 31, 2006.

*Rochester Drug Co-Operative Inc., On behalf of itself and all others similarly situated v. Astrazeneca Pharmaceuticals LP, Astrazeneca LP, Astrazeneca AB, and Aktiebolaget Hassle,* Docket No. 06-79 (D. Del.), filed on February 6, 2006.

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 15, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Jeffrey S. Goddess.

I further certify that on February 15, 2006, I caused that copies of the foregoing be served on the following counsel in the manner indicated:

**By Hand**

Jeffrey S. Goddess
Rosenthal, Monhait, Gross
  & Goddess, P.A.
919 Market Street, Ste. 1401
P.O. Box 1070
Wilmington, DE  19899

**By Federal Express**

Linda P. Nussbaum
Steig D. Olson
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY  10022

Michael D. Hausfeld
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W.
Washington, DC 20005

Daniel Berger
Eric L. Cramer
Peter Kohn
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Thomas M. Sobol
Edward Notargiacomo
Hagens Berman Sobol Shapiro, LLP
One Main Street, 4th Floor
Cambridge, MA  02142

*/s/  Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
klouden@mnat.com