## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE METOPROLOL SUCCINATE DIRECT PURCHASER ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | C.A. No. 06-052 MPT |

**ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION IN LIGHT OF SETTLEMENT, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF FORM OF AND MANNER OF NOTICE, APPOINTMENT OF A CLAIMS ADMINISTRATOR, AND SETTING THE SETTLEMENT SCHEDULE AND FINAL APPROVAL HEARING**

Upon consideration of the Settlement Agreement entered as of September 23, 2011, along with the Direct Purchaser Class Plaintiffs' Unopposed Motion For Class Certification in Light of Settlement, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form of and Manner of Notice, Appointment of a Claims Administrator, and Setting the Settlement Schedule and Final Approval Hearing, and Direct Purchaser Class Plaintiffs' Brief in support thereof (collectively, the "Settlement Documents"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

### Jurisdiction

1.      This Court has subject matter over this case and has jurisdiction over these actions and each of the named plaintiffs Meijer Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., and American Sales Company ("Plaintiffs") and defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB and Aktiebolaget Hassle (collectively "AZ" or "Defendants").

**Certification of the Proposed Class**

2.     The Court makes the following determinations as required by Rule 23 in light of

the proposed settlement:

a) Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Class, which shall hereinafter be

denominated the "Class," is defined as follows:

All persons and entities in the United States (including, for avoidance of
doubt, persons and entities in Puerto Rico) who purchased Toprol-XL
directly from any of the Defendants at any time from May 5, 2005 through
September, 23, 2011 (the "Class Period"), including persons and entities
who have received assignments or partial assignments of rights from direct
purchasers of Toprol-XL.  Excluded from the Class are Defendants and
their parents, employees, subsidiaries, and affiliates, and federal
government agencies.  Also excluded from the class are non-class direct
purchaser plaintiffs in *Walgreen Co., et al. v. AstraZeneca
Pharmaceuticals LP, et al.*, 10-cv-580 (GMS) (D. Del.), and *CVS
Pharmacy Inc., et al. v. AstraZeneca Pharmaceuticals, LP, et al.,* 10-cv-
897 (GMS) (D. Del.) (the "Opt-Out Actions"), namely Rite Aid Corp.,
Rite Aid Hdqtrs. Corp., CVS Pharmacy, Inc., Caremark L.L.C., JCG (PJC)
USA, LLC, Maxi Drug, Inc. D/B/A Brooks Pharmacy, Eckerd
Corporation, Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery
Company LP, and Supervalu Inc., both for the claims these entities are
pursuing directly and for the claims they are pursuing based upon
assignments or partial assignments of claims from certain members of the
Class as described in the complaints filed in the Opt-Out Actions.

b) Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and

geographically dispersed that joinder of all members is impracticable. According

to data produced by Defendants, the Class has approximately 30 members

geographically dispersed throughout the United States, which is sufficient to

satisfy the impracticality of joinder requirement of Rule 23(a)(l).

c) Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that the following

issues relating to claims and/or defenses (expressed in summary fashion) present

common, class-wide questions:

- 2 -

i) Whether the conduct challenged by the Class as anticompetitive in the Consolidated Amended Class Action Complaint filed June 5, 2006 (the "Complaint") constituted a conspiracy or violated Section 2 of the Sherman Act, 15 U.S.C. § 2;

ii) Whether the challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges as a result of the higher prices Class members paid to Defendants for extended release metoprolol succinate products, and whether, but for Defendants' conduct as alleged, one or more competitor firms would have begun selling less costly generic versions of extended release metoprolol succinate products earlier; and

iii) The amount of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

d) The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

e) American Sales Corporation, Inc. Meijer Inc., Meijer Distribution, Inc., and Rochester Drug Co-operative, Inc., the named Plaintiffs in this lawsuit ("Class Plaintiffs"), are hereby appointed as representatives of the Class, for the following reasons:

i) the Class Plaintiffs allege on behalf of the Class the same manner of injury from the same course of conduct that they complain of themselves, and the Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Class Plaintiffs'

claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

ii)     Pursuant to Rule 23(a)(4), the Court determines that the Class Plaintiffs will fairly and adequately protect the interests of the Class. The Class Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, any Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the Class Plaintiffs are well-qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action.

f)  Pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof.

g)  Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability

problems presented by a case such as this, particularly in light of the Settlement approved in this Order.

h) Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class) are hereby appointed as Co-Lead Counsel for the Class ("Co-Lead Counsel"), and are directed to ensure that any remaining work in this litigation is performed efficiently and without duplication of effort:

| | |
|---|---|
| Eric L. Cramer | Linda P. Nussbaum |
| BERGER & MONTAGUE, P.C. | GRANT & EISENHOFER, P.A. |
| 1622 Locust Street | 485 Lexington Avenue |
| Philadelphia, PA  19103 | New York, NY 10017 |
| (215) 875-3000 | (646) 722-8536 |

Thomas M. Sobol
David S. Nalven
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700

In addition, the firm of Rosenthal, Monhait & Goddess, P.A. is hereby appointed as liaison counsel to work with Co-Lead Counsel.

**PreliminaryApproval of the Proposed Settlement**

3.     Upon review of the record and the settlement documents, the Court finds that the proposed Settlement, which includes (a) a cash payment of $20 million by AZ into an escrow account for the benefit of the Plaintiffs and the Class ("Settlement Fund") and, separately, (b) payment by AZ of all reasonable expenses incurred in connection with the administration of notice and distribution of claims, including, *e.g.*, fees and costs of the claims administrator, postage, phone & internet expenses, fees of the economic consulting firm engaged to assist with

computation of claimants' pro rata shares of the Settlement Fund, and attorneys' fees in connection with oversight of the claims administration process up to a total of $750,000, in exchange for, *inter alia,* dismissal of the litigation with prejudice and certain releases of claims by Plaintiffs and the Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel, after years of litigation and with Court-supervised mediation. The Settlement falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Plan of Notice to the Class

4.       The proposed form of Notice to Class Members of the pendency of this Class Action and the proposed Settlement thereof (Exhibit A to the Settlement Agreement) and the proposed method of notice thereof satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process of law, are otherwise fair and reasonable, and therefore are approved. Class Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated by no later than November 28, 2011, via first-class mail to the last known address from Defendants' sales database of each entity within the definition of the Class.

5.       Potential Class members may opt out of the Class by no later than December 28, 2011, by submitting a request for exclusion in the manner set forth in the Notice. Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

6.       The Court appoints Heffler, Radetich & Saitta LLP to serve as claims administrator ("Claims Administrator") and to assist Class Counsel in disseminating the Notice and with administering class member claims, distributing notice and claim forms, and assisting

in the computation of claimant allocation amounts.   The Court also appoints the economic consulting firm of Econ One, Inc. to assist with the computation of class member distribution amounts.   Expenses and fees associated with Notice and Claims administration up to $750,000 shall be paid separately by AZ pursuant to the terms of the Settlement Agreement.

**Final Fairness Hearing**

7.      A hearing on final approval (the "Fairness Hearing") shall be held before this Court on January 26, 2012, at 2:00 p.m., in Courtroom 2B at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801-3569.   At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the named Plaintiffs, and in what amount; and (e) whether entry of a final judgment terminating this litigation should be entered.   The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice.   Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on their websites and/or the website of Heffler, Radetich & Saitta LLP.

8.      All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses and incentive awards for the named Plaintiffs shall be filed with the Court no later than December 19, 2011.   These materials shall be posted on the websites of co-lead counsel, as well as on the website of the Claims Administrator.

9.      Class members who wish to (a) object with respect to the proposed Settlement and/or (b) wish to appear in person at the Fairness Hearing must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801-3569, with copies to Co-Lead Counsel listed above and to the following attorneys for Defendants:

Michael P. Kelly
James J. Freebery
McCarter & English, LLP
Renaissance Center
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300

John W. Treece
Sidley Austin, LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than January 4, 2012.  Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement.  All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

10.      All briefs and materials in support of the final approval of the settlement and the entry of final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than January 11, 2012.

11.     All proceedings in *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, Docket No. 06 Civ. 52 (GMS), are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses these actions with prejudice.

12.     In the event that the Settlement does not become final then litigation of the Direct Purchaser Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the Plaintiffs and Defendants as necessary.

13.     In the event the Settlement Agreement and the Settlement are terminated and/or rescinded in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendants and any other released party, and Defendants and any other released parties shall retain any and all defenses and counterclaims hereto.  These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed by Plaintiffs and Defendants.

14.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against Defendants or as to any liability by

Defendants as to any matter set forth in this Order, or to whether any class may certified for

purposes of litigation and trial.

SO ORDERED this _____ day of _____, 2011.


_____

UNITED STATES MAGISTRATE JUDGE