UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re METOPROLOL SUCCINATE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Direct Purchaser Action | Civil Action No. 06-52 MPT |

**UNOPPOSED MOTION OF DIRECT PURCHASER CLASS PLAINTIFFS
FOR DISTRIBUTION OF NET SETTLEMENT FUND**

In accordance with this Court's Order of February 21, 2012, entitled "Order and Final Judgment Approving Settlement, Awarding Attorneys' Fees and Expenses, Awarding Representative Plaintiffs Incentive Awards, Approving Plan of Allocation, and Ordering Dismissal as to All Defendants," ("Final Settlement Order") (D.I. 194), and the Plan of Allocation approved therein, Plaintiffs Meijer, Inc. and Meijer Distribution, Inc., Rochester Drug Co-operative, Inc. and American Sales Company (collectively the "Direct Purchaser Class Plaintiffs" or "Plaintiffs"), by their undersigned counsel ("Class Counsel"), respectfully move this Court for an Order: (i) approving the administrative determinations of Heffler, Radetich & Saitta, LLP ("HR&S" or "Claims Administrator"), the Claims Administrator retained by Class Counsel and approved by the Court in its Preliminary Approval Order, concerning the claims filed in this case; (ii) approving the distribution of the Net Settlement Fund[1] to Class Members whose Claim Forms have been approved ("Authorized Claimants"); and (iii) finally and forever barring further claims against the Settlement Fund.

---

[1] "Net Settlement Fund" means the settlement fund created as a result of the Court-approved Settlement Agreement dated September 23, 2011, after deducting the attorneys' fees and the named plaintiff incentive awards approved by the Court in its February 21, 2012 Final Settlement Order and including any interest accrued therein.

In support thereof, Plaintiffs state the following:

1. By Order dated February 21, 2012, the Court approved a settlement between the Direct Purchaser Class Plaintiffs and all Defendants in this action (the "Settlement"), which provided for the establishment of an aggregate settlement fund of $20 million plus accrued interest. (D.I. 194). In the same Order, the Court also approved the proposed Plan of Allocation which described the processes, procedures and methods the Claims Administrator was to use to allocate and distribute the proceeds of the Net Settlement Fund among the members of the certified class as defined in the Settlement Agreement. *Id.* The Settlement further provided that Defendants would pay up to $750,000 toward the expenses associated with the claims process. (D.I. 177-1 at ¶ 7). Plaintiffs are also submitting to Defendants an accounting for all the administrative costs incurred to date, including a bill for those expenses and services. Should the Court wish to see those documents, Plaintiffs would be happy to provide them.

2. The Court stated in its Final Settlement Order that it "retains exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class." Final Settlement Order ¶ 13.

3. This motion is filed pursuant to the schedule approved by the Court when it adopted the Plan of Allocation which states that "150 days after entry of order finally approving the Settlement: Class Counsel submit to Court motion for distribution of Net Settlement Fund, supported by Declaration of Claims Administrator." (D.I. 192). Plaintiffs have completed the distribution plan early, and are seeking to get the funds to claimants as soon as possible.

4.  The basis for this motion is set forth in the accompanying Declaration of Tina Chiango of HR&S In Support of Direct Purchaser Class Plaintiffs' Motion for Distribution of the Net Settlement Fund, ("Chiango Declaration") (attached as Exhibit "A"), which explains the tasks and methodologies employed by the Claims Administrator in processing Class Member claims and administering the Settlement.

5.  As more fully described in the Chiango Declaration, HR&S worked with Class Counsel and the economic consulting firm selected by Class Counsel, Econ One, Inc. ("Econ One") to (i) identify the potential Class Members using the transactional sales database that Defendants produced during the litigation; and (ii) calculate the number of tablets purchased from Defendants by each of the potential Class Members. Chiango Decl. ¶ 3.

6.  HR&S also worked with Class Counsel in preparing a "Proof of Claim and Release" (the "Proof of Claim"), a form populated with each Class Member's name and address, as well as the number of tablets HR&S calculated with Econ One for that Class Member and their estimated *pro rata* percentage of the Net Settlement Fund that HR&S mailed to Class Members. *Id.*

7.  Pursuant to the approved Plan of Allocation, HR&S was required to (a) sum the total combined purchases made by each claimant who submitted a claim during the Class Period; (b) calculate each claimant's percentage share by dividing each claimant's total qualifying purchases of Toprol XL by the total combined qualifying purchases (in units) of Toprol XL made by all claimants combined; and then (c) multiply each claimant's percentage share by the total dollars in the Net Settlement Fund to yield each claimant's distribution share in dollars. *Id.* ¶ 2. HR&S reviewed each Claim Form for completeness and confirmed the accuracy of any data or other information submitted. *Id.* ¶¶ 8-10.

8.     Based on the Court-approved Allocation Plan, the Claims Administrator, with the assistance of Econ One, calculated the *pro rata* settlement distribution amount for each entity that submitted a complete Claim Form. (Chiango Decl. at ¶ 11).

9.     The Chiango Declaration contains a list of the final *pro rata* percentage share of the Net Settlement Fund for each Class Member that submitted a valid Claim Form (Chiango Decl., Ex. B).

10.    Class Counsel respectfully request that the Court approve of HR&S's settlement administration determinations as set forth in the Chiango Declaration.

11.    Class Counsel also respectfully request that the Court authorize HR&S to distribute to each claimant listed in Exhibit B of the Chiango Declaration, the authorized claimant's proportionate share of the Net Settlement Fund as computed by Econ One pursuant to the Plan of Allocation.

12.    Defendants have stated that they do not oppose this Motion.

13.    A Proposed Order consistent with the relief requested herein is attached hereto as Exhibit B.

Dated: July 18, 2012                                  Respectfully submitted,

                                                      ROSENTHAL, MONHAIT & GODDESS, PA


                                                      */s/ Jeffrey S. Goddess*
Linda P. Nussbaum                                     Jeffrey S. Goddess (Del. No. 630)
John D. Radice                                        Suite 1401, 919 Market Street, P.O. Box. 1070
Shelly L. Friedland                                   Wilmington, DE 19899
Adam Steinfeld                                        jgoddess@rmglaw.com
GRANT & EISENHOFFER, P.A.                             Telephone: (302) 656-4433
485 Lexington Avenue
New York, NY 10017                                    *Liaison Counsel for Direct Purchaser Class*
Telephone: (646) 722-8504                             *Plaintiffs*

| | |
|---|---|
| Thomas M. Sobol<br>David S. Nalven<br>HAGENS BERMAN SOBOL<br>  SHAPIRO LLP<br>55 Cambridge Parkway<br>Cambridge, MA  02142<br>(617) 482-3700 | Eric L. Cramer<br>Ellen T. Noteware<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000 |

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*

| | |
|---|---|
| Peter Kohn<br>Luke Smith<br>FARUQI & FARUQI, LLP<br>101 Greenwood Ave., Suite 600<br>Jenkintown, PA 19046<br>(215) 277-5770 | Barry Taus<br>Kevin Landau<br>Archana Tamoshunas<br>TAUS, CEBULASH & LANDAU, LLP<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038<br>(646) 873-7652 |

*Additional Counsel for Direct Purchaser Class Plaintiffs*